```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS C. TESSER,              :    CONSOLIDATED UNDER
                                :    MDL 875
      Plaintiff,                :
                                :
      v.                        :
                                :
A-C PRODUCT LIABILITY TRUST,    :
et al.,                         :
                                :    E.D. Pa. Civil Action No.
      Defendants.               :    2:09-cv-30094-ER
```

**O R D E R**

**AND NOW**, this **28th** day of **September, 2015**, upon consideration of the Thompson Hine Shipowner Defendants'[1] Motion for Summary Judgment (Judicial Estoppel) (ECF No. 95), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that the motion is **DENIED in part** and **DENIED without prejudice in part**, as follows:

    (1)  The motion is **DENIED** as to the arguments related to judicial estoppel; and

    (2)  The motion is **DENIED without prejudice** as to the arguments related to the real party in interest/standing.

It is **FURTHER ORDERED,** in accordance with the accompanying memorandum, as follows:

---

[1] These Defendants are: (1) Reiss Steamship Company, and (2) Interlake Steamship Company.

(1) The Clerk of this Court shall (a) make a copy of this order and the accompanying memorandum and file said copy on the docket of Plaintiff's bankruptcy case in the Bankruptcy Court for the District of Minnesota (No. 07-bk-50706-GFK); (b) ascertain the identity of the trustee; and (c) serve a copy of said order and memorandum upon the trustee at his/her last known address;

(2) The trustee will have sixty (60) days from the date of the filing of the memorandum and order on the docket of the Bankruptcy Court to provide a signed letter to this Court (a) confirming that he/she has petitioned the Bankruptcy Court to reopen Plaintiff's bankruptcy proceedings and (b) certifying his/her intention to be substituted as party-plaintiff in the instant case;

(3) Once the trustee has petitioned the Bankruptcy Court to reopen the bankruptcy proceedings, and until a motion for substitution as party-plaintiff has been filed by the trustee, he/she is to file a monthly status update with this Court (by the last day of each month), (a) informing the Court of the status of the petition

    to reopen, and (b) certifying his/her continuing intention to pursue the instant case;

(4) If the bankruptcy proceedings are reopened, the trustee will have thirty (30) days from the date of the bankruptcy court's order reopening those proceedings to move in the instant case to be substituted as party-plaintiff;

(5) In the event that the trustee (a) fails to advise this Court within the sixty (60) day timeframe that he/she has petitioned the Bankruptcy Court to reopen Plaintiff's bankruptcy proceedings and intends to proceed with the instant claims, (b) declines to petition for reopening of those proceedings, (c) fails to provide a monthly status update after having petitioned the Bankruptcy Court, or (d) fails to move to be substituted as party-plaintiff in the instant case within thirty days of the Bankruptcy Court's reopening of the bankruptcy case: the Court will give Plaintiff an additional thirty (30) days[2] to

---

[2] This would be ninety (90) days from the date the memorandum and order are filed on the Bankruptcy Court's docket (for events pursuant to 5(a) or 5(b); or thirty (30) days from the date of the pertinent failure pursuant to 5(c) or 5(d)).

provide this Court with notice that it intends to petition the Bankruptcy Court for the District of Minnesota to reopen the bankruptcy proceedings and move in that court to compel abandonment of the instant claims.

                **AND IT IS SO ORDERED.**

                s/ Eduardo C. Robreno
                **EDUARDO C. ROBRENO,  J.**